IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

———————————————

| | |
|---|---|
| GREGORY ROCKHOUSE RANCH, LLC, a New Mexico Limited Liability Company,<br><br>    Plaintiff,<br><br>vs.<br><br>GLENN'S WATER WELL SERVICE, INC., a New Mexico corporation, CLARK A. GLENN, d/b/a GLENN'S WATER WELL SERVICE, and THOMAS TURNEY, New Mexico State Engineer,<br><br>    Defendants,<br><br>and<br><br>GLENN'S WATER WELL SERVICE, INC., a New Mexico corporation, and CLARK A. GLENN,<br><br>    Counterclaimants, Cross-Claimaints, and Third-Party Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA/UNITED STATES DEPARTMENT OF THE INTERIOR/BUREAU OF LAND MANAGEMENT, THOMAS C. TURNEY, New Mexico State | No. CIV 01-0324 PK/KBM (ACE) |

Engineer, GREGORY ROCKHOUSE RANCH, LLC, a New Mexico limited liability company, GREGORY RANCH, a New Mexico general partnership, NORMAN SCOTT GREGORY, LARRY GREGORY, DONALD WAYNE GREGORY, FRED KEZAR, and RITA KEZAR,

    Counterclaim Defendants, Cross-Claim Defendants, and Third-Party Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes on for consideration of the United States' Motion to Dismiss the amended complaint of Gregory Rockhouse Ranch, LLC ("Gregory") filed April 11, 2001 (Doc. 6), for lack of jurisdiction, and Glenn's Water Well Service, Inc. and Clark A. Glenn's (collectively "Glenn") Motion to Remand, filed April 19, 2001 (Doc. 12). Glenn also joins the United States' motion to dismiss. Doc. 11. Both motions are well taken and should be granted.

### Background

This action arises from a dispute between Gregory and Glenn over the right to use a well located on public land and owned and managed by the Bureau of Land Management ("BLM"). The well is located in Eddy County, New Mexico,

and is part of the Roswell Artesian Basin.  The basin is part of the Pecos River stream system.  Water rights in the Pecos River Stream System are being adjudicated in an ongoing state action commonly referred to as the Lewis Case.  See Brantley Farms v. Carlsbad Irrigation Dist., 954 P.2d 763, 767 (N.M. Ct. App. 1998) (citing State ex. rel. S.E. Reynolds, State Eng'r & Pecos Valley Artesian Conservation Dist. v. L.T. Lewis & United States, Nos. 20,294, 22,600 (Fifth Judicial District, Chaves County)).  The United States is a defendant in that action.

The court need not address the somewhat complex procedural posture of this case because the characterization of the dispute is dispositive.  Because the United States has sovereign immunity, there is no basis for federal subject matter jurisdiction and the matter must be remanded to state court.

Discussion

Gregory contends that the court has subject matter jurisdiction over the United States under 43 U.S.C. § 666(a), also referred to as the McCarran Amendment.[1]  Doc. 16, at 10-15.  Pursuant to the McCarran Amendment, the United States has consented to be joined as a defendant (and has thereby waived its sovereign immunity)

---

[1] Gregory bases its claim of federal jurisdiction solely on the McCarran Amendment.  Doc. 16, at 15.

> in any suit (1) for the adjudication of rights to the use of water of a river system or other source, or (2) for the administration of such rights, where it appears that the United States is the owner of or is in the process of acquiring water rights by appropriation under State law, by purchase, by exchange, or otherwise, and the United States is a necessary party to such suit.

Id. "[W]aivers of federal sovereign immunity must be unequivocally expressed in the statutory text." United States v. Idaho ex. rel. Dir., Idaho Dep't of Water Res., 508 U.S. 1, 6 (1993) (citations and internal quotations omitted). Such waivers are "strictly construed in favor of the United States" and are "not enlarged beyond what the language of the statute requires." Id. at 7 (citations and internal quotations omitted). Under these principles, the McCarran Amendment waiver has been construed to apply only to (1) comprehensive adjudication (2) of all water rights (3) in a stream system. See Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 808 (1976) (stating that the amendment was "not intended to be used for any other purpose than to allow the United States to be joined in a suit wherein it is necessary to adjudicate all of the rights of various owners on a given stream") (quoting S. Rep. No. 755, at 9 (1951)); id. at 819 ("The clear federal policy evinced by that legislation is the avoidance of piecemeal adjudication of water rights in a river system."); Dugan v. Rank, 372 U.S. 609, 618 (1963); Fent v. Okla. Water Res. Bd., 235 F.3d 553, 555 (10th Cir. 2000); Elephant Butte Irrigation Dist. v. Regents of N.M. State Univ., 849 P.2d 372, 376 (N.M. Ct. App. 1993).

Gregory asserts that the McCarran Amendment waiver applies in this action because the dispute between Gregory and Glenn involves groundwater that is part of the Pecos River stream system.  Doc. 16, at 12.  This argument fails, however, because Gregory does not seek to adjudicate all water rights in the system, but only its rights against Glenn to the well.  United States v. Bluewater-Toltec Irrigation Dist., 580 F. Supp. 1434, 1438 (D.N.M. 1984) ("[t]he McCarran Amendment applies to a general adjudication between all claimants, not to a private suit to determine the water rights of a few"), aff'd 806 F.2d 986, 987 (10th Cir. 1986).  All water rights to the Pecos River Stream System are currently being adjudicated in Lewis Case.

Gregory also contends that the McCarran Amendment waiver is applicable because this is a suit "for the administration of [water] rights,"  43 U.S.C. § 666(a)(2), and the BLM owns and administers access to the well.  Gregory's argument is contrary to the plain language of § 666(a)(2), which applies only to a suit "for the administration of such rights . . . ."  "Such rights" refers to water rights adjudicated in a comprehensive water rights suit brought under § 666(a)(1). Here, the BLM is administering rights only to the well, not the entire Pecos River Stream System.  As the United States observes, "Gregory confuses the administration of water rights by the State Engineer of New Mexico that have been adjudicated in a general stream adjudication with the administration of

-5-

rights-of-way granted by the BLM." Doc. 22, at 4.  Accordingly, the United States has not waived its sovereign immunity.

Brantley Farms v. Carlsbad Irrigation Dist., 954 P.2d 763 (N.M. Ct. App. 1998), upon which Gregory relies, does not provide support for Gregory's claim that the § 666(a)(2) waiver is applicable in this case.  In Brantley Farms, the United States was found to be an indispensable party not because it administered the water rights in the Carlsbad Irrigation District, but because the United States owned two reservoirs within the district.[2]  Id. at 771.

Because the United States has not waived sovereign immunity, the United States must be dismissed from this action.  Without the United States as a party, this court is without subject matter jurisdiction and the case must be remanded to state court.  28 U.S.C. § 1447(c).  Accordingly, the action is remanded to state district court without decision on other pending motions.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED and DECREED that the United States' Motion to Dismiss for lack of subject matter jurisdiction, filed April 11, 2001 (Doc. 6) is granted.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Glenn's Water Well Service, Inc. and Clark A. Glenn's Motion to Remand, filed April 19,

---

[2] It also bears noting that the court in Brantley Farms acknowledged that water rights in the Pecos River Stream System were being adjudicated on an ongoing basis in the Lewis Case.  954 P.2d at 767.

2001 (Doc. 12) is granted.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this case is remanded to the Fifth Judicial District Court (Eddy County) of the State New Mexico.

DATED this 3rd day of August 2001, at Santa Fe, New Mexico.

*Paul Kelly Jr.*
United States Circuit Judge
Sitting by Designation

Counsel:

Andrew A. Smith (Albuquerque, New Mexico), and Lynn A. Johnson (Denver, Colorado), Environment & Natural Resources Division, United States Department of Justice, John C. Cruden, Acting Assistant Attorney General, Environment & Natural Resources Division, United States Department of Justice, Washington, D.C., and Norman C. Bay, United States Attorney, and John W. Zavitz, Assistant United States Attorney, Albuquerque, New Mexico, for the United States.

W.T. Martin, Jr., Law Office of W.T. Martin, Jr., P.A., Carlsbad, New Mexico, for Gregory Rockhouse Ranch, LLC.

A.J. Olsen, Henninghausen & Olsen, Roswell, New Mexico, for Glenn's Water Well Service, Inc. and Clark A. Glenn d/b/a Glenn's Water Well Service, Inc.